SIMP PATTON v. THE STATE.

No. 1651.   Decided April 10, 1912.

**1.—Local Option—Jury and Jury Law—Jury Commission.**

Where the district judge appointed a commission to select jurors for the succeeding term, but during said succeeding term found that the court remained in session over the time for which jurors were selected, and then appointed another jury commission to select jurors for the remainder of the term out of which the panel who tried the defendant was selected, there was no error in overruling a motion to quash the venire, because the jurors were not summoned as talesmen. Following Columbo v. State, 65 Texas Crim. Rep., 608.

**2.—Same—Charge of Court—Shipments of Liquor.**

Upon trial of a violation of the local option law, there was no error in admitting evidence that defendant had received eight barrels of whisky; to show the character of the business in which defendant was engaged, and there was no error in the court's failure to limit the effect of such testimony.

**3.—Same—Sufficiency of the Evidence—Bill of Exceptions.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, and there were no bills of exception to the admissibility of evidence, the conviction is sustained.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On the question of admitting testimony as to receiving different shipments of liquor and the court's failure to limit same: Rutherford v. State, 15 Texas Crim. App., 236; Hayes v. State, 39 S. W. Rep., 106.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted of selling intoxicating liquors in a county where the sale of intoxicating liquors had been prohibited by law, and his punishment assessed at one year imprisonment in the State penitentiary.

In the only bill of exceptions, the same questions are raised as to the drawing and selection of a jury as were passed on in the case of Antonio Columbo, recently decided by this court, and for the reasons there stated it is held that this bill presents no error.

J. J. Brannon testified that on or about the 26th day of January, 1911, he purchased from defendant in his place of business a pint of whisky. The sheriff testified he saw Brannon go in defendant's place of business and remain in there about five minutes. When he came out the sheriff searched Brannon and found on him a pint of whisky, after which defendant was arrested. Deputy Sheriff Bryan testified that he searched appellant's place of business that same day at a later hour and found in a trunk in a back room thirty-three pints of whisky. Part of it was of the same brand as that taken off of Brannon. The State further showed that defendant on January 11, had received four barrels of whisky at Sulphur, in the name of J. W. Johnson, and had it hauled and delivered in the back yard of his place of business in Texarkana, and again on January 20 he had received four more barrels of whisky consigned to the same party. That when the first shipment was received defendant had represented himself to the agent at Sulphur as being named J. W. Johnson, and at the time of the receipt of the second shipment he had delivered an order to the freight hauler, requesting the delivery of the whisky, which order was signed J. W. Johnson, thus tracing into his hands during the month of January eight barrels of whisky. Defendant denied selling Brannon any whisky; he admitted ordering the whisky in the name of Johnson, but said he ordered it for a man named Terry whom he had known in Oklahoma, but who, he said, at the time these shipments were received, was staying in the bottom near Texarkana. That he did not know where he was at the time of the trial.

The evidence amply supports the verdict, and the matters complaining of the admissibility of certain testimony can not be reviewed by us as no bill of exceptions was reserved. It was not error in the court to

fail to limit the effect of the testimony that defendant had received eight barrels of whisky. It was admissible as a circumstance in the case tending to show the character of business in which defendant was engaged.

The judgment is affirmed.

*Affirmed.*